**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0541-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHELET GLAUDE,

     Defendant-Appellant.

_____

Submitted February 6, 2019 – Decided March 11, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-01-0213.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Michelet Glaude appeals from a December 9, 2016 order denying his petition for post-conviction relief (PCR).

Defendant raises the following points of argument in his counseled brief:

> Point One – THE PCR COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING ON THE ISSUES OF THE TRIAL COURT'S DENIAL OF A PSYCHIATRIC EXAMINATION AND TRIAL COUNSEL'S FAILURE TO ENGAGE EXPERT WITNESSES.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITITIONS FOR POST-CONVICTION RELIEF.
>
> B. The Denial of a Competency Hearing.
>
> C. The Failure to Engage Expert Witnesses.

In a pro se supplemental brief that does not have point headings, defendant repeats essentially the same arguments. After reading the record, we conclude that all of defendant's arguments are without merit and, except as briefly addressed below, they do not warrant discussion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by the PCR judge in his written opinion issued with the order. We add these comments.

A jury convicted defendant of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3; first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); second-degree aggravated assault causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); third-degree criminal restraint, N.J.S.A. 2C:13-2; and third-degree unlawful taking of a means of conveyance, N.J.S.A. 2C:20-10(c). He was sentenced to an aggregate term of twenty-five years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the conviction and sentence on defendant's direct appeal. State v. Glaude, No. A-3425-11 (App. Div. Nov. 25, 2014), certif. denied, 221 N.J. 287 (2015).

The trial evidence was detailed in our opinion on the direct appeal and need not be repeated here. To briefly summarize, defendant was accused of brutally assaulting and mutilating his former girlfriend. At his trial, defendant did not deny the charges but claimed that he was highly intoxicated at the time and could not remember assaulting the victim. However, as we noted in our opinion, an Alcotest administered about three hours after the incident did not reveal a very high blood alcohol level. Moreover, in his trial testimony defendant recalled many details surrounding the incident, although he claimed not to remember the attack itself.

A-0541-17T1

In his PCR petition, defendant claimed that his trial counsel was ineffective because she did not present expert testimony to support an intoxication defense. Like the PCR judge, we find no merit in that assertion. On a PCR petition, if a defendant claims that his trial attorney should have called a witness to testify at the trial, the defendant must provide legally competent evidence of what the witness would have said if called at trial. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Bald assertions are insufficient to present a prima facie case of ineffective assistance of counsel. Ibid. Defendant did not provide the report of an expert witness to support his PCR claim that, had his trial counsel retained an expert, the expert would likely have provided testimony to support an intoxication defense. Further, neither defendant's blood alcohol level nor his trial testimony suggest the likelihood that his trial counsel could have found such an expert.

Defendant also asserted that his trial counsel should have retained a psychiatric expert to support a claim that defendant was not competent to stand trial. He further claimed that his appellate counsel should have raised on appeal the trial court's denial of defense counsel's request for a court-ordered competency examination. However, defendant's PCR petition was devoid of medical records or an expert report to support his claim that he suffered from a

A-0541-17T1

mental illness, much less one that rendered him incompetent to stand trial.  In a pretrial hearing, the trial judge questioned defendant in detail and concluded that there was no basis to order a competency examination.  We have reviewed the transcript of the voir dire and find no error in the judge's conclusion.

Like his claim regarding the intoxication defense, defendant's PCR claims relating to his alleged lack of competency to stand trial were based on bald assertions.  Cummings, 321 N.J. Super. at 170.  Defendant did not provide legally competent evidence that his trial counsel was ineffective in failing to retain experts, or that the experts, if retained, would have provided testimony that could have changed the outcome of the trial.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Nor was his appellate counsel ineffective for failing to raise a meritless appellate argument.  Having failed to present a prima facie case as to either prong of the Strickland test, defendant was not entitled to an evidentiary hearing on his PCR petition.  See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0541-17T1